UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JULIA G.,

        *Plaintiff*,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant*.

No. 24-cv-9276 (MEF)

OPINION and ORDER

### Table of Contents

I.    Background
II.   Step Two
III.  Step Three
IV.   Residual Functional Capacity
V.    Credibility
VI.   Conclusion

\*     \*     \*

The Commissioner of Social Security denied a woman's application for disability benefits.

She filed this lawsuit to challenge the denial.

The Court concludes that the denial was supported by substantial evidence, as it needed to be.

So the decision of the Commissioner is affirmed.

\*     \*     \*

## I.    Background

A woman applied for disability benefits.  See Administrative Record (ECF 6) at 356-57.

After her application was denied, see id. at 145, 154, she asked for a hearing before an administrative law judge ("ALJ"). See id. at 160-61. An online hearing was held, see id. at 58-101, and afterward the ALJ issued a decision affirming the benefits denial.[1] The Appeals Council determined not to review the decision. See id. at 1-5.

The applicant then filed this lawsuit in federal court.[2] See Complaint (ECF 1).

From this point, she is called "the Plaintiff," and the Commissioner of Social Security is called "the Defendant."[3]

## II.  Step Two

As to step two, the Plaintiff argues that the ALJ should have characterized more of her conditions as "severe" than she did. See Brief in Support of Plaintiff's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) ("Plaintiff's Brief") (ECF 8) at 17-19.

But the Defendant argues back that any such error was harmless. See Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Defendant's Opposition") (ECF 12) at 6-7.

The Court's conclusion: the Defendant has it right.

The ALJ held that the Plaintiff had five different severe impairments.[4] So she moved on to step three. And she ultimately considered "all of the [Plaintiff's] medically determinable impairments, including those that are not severe" in her

---

[1]  The ALJ's 15-page decision is at Julia G. (S.S.A. A.L.J. Nov. 22, 2023). It can be found beginning at page 37 of the administrative record.

[2]  The Court has jurisdiction. See 42 U.S.C. §§ 405(g), 1383(c)(3).

[3]  The ordinary rules for Social Security appeals apply here. See Loiska J. v. Comm'r of Soc. Sec., 2026 WL 100512, at *1-2 (D.N.J. Jan. 14, 2026) (explaining the five-step evaluation process used to determine whether a claimant is entitled to disability benefits).

[4]  Per the ALJ, they were diabetes mellitus, asthma, major depressive disorder, panic disorder, and post-traumatic stress disorder. See Julia G., Administrative Record at 40.

assessment of the Plaintiff's residual functional capacity. Julia G., Administrative Record at 40.

Under these circumstances, any error in failing to designate additional conditions as "severe" was harmless --- and cannot serve as a basis for undoing the ALJ's decision.  See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [the claimant's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."); see also Rivera v. Comm'r of Soc. Sec., 164 F. App'x 260, 262 n.2 (3d Cir. 2006) ("[The Plaintiff] also argues that the ALJ committed errors in the second step, but the ALJ found in her favor at that step (holding that she did have a severe impairment), so any such errors were harmless."); Pouppirt v. Comm'r of Soc. Sec., 609 F. App'x 440, 441 (9th Cir. 2015) ("The district court correctly concluded that any error in the ALJ's failure to identify additional severe impairments. . . was harmless because the ALJ resolved step two in [the claimant's] favor."); Hearn v. Comm'r, Soc. Sec. Admin., 619 F. App'x 892, 895 (11th Cir. 2015) ("Any error at step two was harmless because the ALJ found in [the claimant's] favor as to impairment, . . . and the ALJ properly noted that he considered [the claimant's] impairments in the later steps[.]"); Emard v. Comm'r of Soc. Sec., 953 F.3d 844, 852 (6th Cir. 2020) ("An erroneous finding of nonseverity at step two is therefore harmless where the ALJ properly considers nonsevere impairments at later steps."); Henke v. Astrue, 498 F. App'x 636, 640 (7th Cir. 2012) ("Because the ALJ proceeded beyond Step 2, and considered [the claimant's] severe and non-severe impairments at Step 4, any purported error in the Step-2 severity determination was harmless."); Rivera v. Colvin, 592 F. App'x 32, 33 (2d Cir. 2015) ("[A]ssuming that the ALJ erred at step two, this error was harmless, as the ALJ considered both . . . severe and non-severe impairments as he worked through the later steps.").

## III. **Step Three**

As to step three, the Plaintiff appears to argue that she should have been deemed per se disabled because her impairments were close enough to those impairments listed out in certain parts of the relevant regulations.  See Plaintiff's Brief at 29–30.

The ALJ's step three analysis focused on two different listings.

The first was Listing 12.04, which tackles "[d]epressive, bipolar, and related disorders."  20 C.F.R. pt. 404, subpt. P., App'x 1 § 12.04.  And the second was Listing 12.15, which relates to "[t]rauma- and stressor-related conditions."  Id. § 12.15.

Listing 12.04 and Listing 12.15 have "certain building-block components.  These are commonly called the paragraph A criteria, the paragraph B criteria, and the paragraph C criteria."  Loiska J. v. Comm'r of Soc. Sec., 2026 WL 100512, at *3 (D.N.J. Jan. 14, 2026) (cleaned up).

A claimant's impairment is equivalent to Listing 12.04 or Listing 12.15 if (i) the paragraph A criteria and the paragraph B criteria are satisfied, or (ii) the paragraph A and the paragraph C criteria are met.  See 20 C.F.R. pt. 404, subpt. P, App'x 1 § 12.00(A)(2).

The ALJ determined that the Plaintiff's impairments were not equivalent to Listings 12.04 and 12.15 because neither the paragraph B criteria nor the paragraph C criteria were satisfied.  See Julia G., Administrative Record at 40-42.

The Plaintiff has zeroed-in on the ALJ's conclusion that the paragraph B criteria were not satisfied.  See Plaintiff's Brief at 28.

The Court's conclusion: this argument does not work.  As set out just below, the ALJ's assessments as to each of the mental functioning areas covered by the paragraph B criteria were supported by substantial evidence.[5]  And because they were, the ALJ's determination that the paragraph B criteria were not satisfied cannot be overturned here.

*      *      *

The first paragraph B mental functioning area is understanding, remembering, or applying information.  See 20 C.F.R. pt. 404, subpt. P, App'x 1 § 12.00(E)(1).

---

[5]  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  28 U.S.C. § 405(g).

The ALJ determined that the Plaintiff had a "moderate" limitation in this area.  Julia G., Administrative Record at 41.

She recognized that the Plaintiff reported being unable to follow instructions.  See id.

But the ALJ also identified meaningful evidence pointing the other way.  She identified evidence that the Plaintiff did not need reminders to take care of herself.  See id.  As well as evidence that she could drive and pay her bills --- along with evidence indicating she had "fair" short-term memory and "good" long-term memory.  See id.

The ALJ, in short, looked at the competing evidence and landed on the conclusion that the Plaintiff only had a "moderate" limitation in this area.  That conclusion was supported by substantial evidence, and the Court is therefore not permitted to second-guess it.  See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011) (the court is "not permitted to re-weigh the evidence or impose [its] own factual determinations").

*     *     *

The second paragraph B mental functioning area is interacting with others.  See 20 C.F.R. pt. 404, subpt. P, App'x 1 § 12.00(E)(2).

The ALJ balanced competing evidence in the record and determined that the Plaintiff's limitation was "moderate."  See Julia G., Administrative Record at 41.

The ALJ acknowledged that the Plaintiff reported "problems getting along with others."  Id.

But she also identified record evidence showing that the Plaintiff made phone calls and "got along with authority figures."  Id.  The ALJ also flagged treatment records describing the Plaintiff's speech as, among other things, "clear," "coherent[]," and "relevant[]."  Id.

In light of the above, the ALJ's "moderate" conclusion was plainly supported by substantial evidence.  See Chandler, 667 F.3d at 359.

*     *     *

The third paragraph B mental functioning area is concentrating, persisting, or maintaining pace.  See 20 C.F.R. pt. 404, subpt. P, App'x 1 § 12.00(E)(3).

5

The ALJ held that the Plaintiff's limitations in this area were "moderate" given the pushes and pulls in the relevant evidence. See Julia G., Administrative Record at 41.

Parts of the record suggest that the Plaintiff had real struggles in this area. Per the ALJ, there was evidence (i) that the Plaintiff "did not finish what she started," (ii) that she was unable to give a "serial three or serial seven,"[6] and (iii) that she could not spell the word "world" backward. See id.

But the ALJ also identified evidence that tended in the other direction. Specifically, the ALJ looked to an interview conducted by Dr. Ernesto Perdomo in March 2022 at the request of the New Jersey Division of Disability Services. See Administrative Record at 575-77. After he assessed the Plaintiff, Dr. Perdomo concluded that "[her] concentration was fair" in part because she followed the instructions he gave. See id.

The ALJ reconciled for herself the competing tensions in the evidence as to the Plaintiff's ability to concentrate, persist, and maintain pace --- and concluded the Plaintiff's limitations were only "moderate." There is no reason to overturn that determination. See Chandler, 667 F.3d at 359.

*    *    *

The fourth paragraph B mental functioning area is adapting or managing oneself. See 20 C.F.R. pt. 404, subpt. P, App'x 1 § 12.00(E)(4).

The ALJ determined that the Plaintiff had a "mild" limitation in this area. Julia G., Administrative Record at 41.

She acknowledged that the Plaintiff "reported that she could not handle stress" or "changes in routine." Id. And she noted

---

[6] Serial threes and serial sevens are subtraction tasks "traditionally used in mental status examinations" that are used to "measure attention and mental concentration." Thomas Bristow et al., Standardization and adult norms for the sequential subtracting tasks of serial 3's and 7's, 23 Applied Neuropsychology: Adult 372, 372 (2016).

testimony that the Plaintiff sometimes has panic attacks.  See id.

But the ALJ also identified medical evidence that pointed in roughly the other direction.  She looked at medical records from the Plaintiff's treating physician, Dr. Adewofoju, which characterized the Plaintiff's "[m]ood/[a]ffect" as "[e]uthymic and [a]pprorpiate."  Id. at 583, 1418, 1423.  And records from the same doctor indicating the Plaintiff's "[i]nsight" and "[j]udgment" were "[f]air."  Id. at 555, 583, 607-08, 1416, 1423.

The ALJ weighed the competing evidence and concluded that it only added up to a "mild" limitation.  That determination was plainly supported by substantial evidence.  See Chandler, 667 F.3d at 359.

*    *    *

In sum: the ALJ's conclusion that the paragraph B criteria were not satisfied was supported by substantial evidence.  Accordingly, there is no basis to disturb the ALJ's step three conclusion that the Plaintiff was not per se disabled.[7]

## IV.  Residual Functional Capacity

Next, as to residual functional capacity, the Plaintiff argues that the ALJ erred by deeming the opinion of her treating provider unpersuasive.  See Plaintiff's Brief at 19-23.

But "[i]n evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another."  Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009); see

---

[7] Another thing.  The Plaintiff also argues that the ALJ erred by failing to consider Listing 12.06, which pertains to "[a]nxiety and obsessive-compulsive disorders."  20 C.F.R. pt. 404, subpt. P., App'x 1 § 12.06.  But Listing 12.06, like Listings 12.04 and 12.15, is governed by the paragraph B criteria and the paragraph C criteria.  See id.  And the ALJ explained why neither set of criteria were satisfied on this record.  See Julia G., Administrative Record at 41-42.  So any possible error associated with failing to consider Listing 12.06 was harmless.  See Martha O. v. Comm'r of Soc. Sec., 2026 WL 632551, at *1 n.4 (D.N.J. Mar. 6, 2026) ("An error can be a basis for undoing an ALJ's decision only if it was harmful.") (cleaned up).

also <u>Cotter</u> v. <u>Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981) ("when the medical testimony or conclusions are conflicting, the ALJ is not only entitled but required to choose between them").

Here, the ALJ considered the opinion of the treating physician in her assessment of the Plaintiff's residual functional capacity. <u>See</u> <u>Julia G.</u>, Administrative Record at 48. But she concluded it was "unpersuasive" for two reasons.

The ALJ first concluded the opinion was at odds with certain medical evidence in the record. <u>See</u> <u>id</u>. For example, the assessment was inconsistent with the opinions of the "State agency psychological consultants," who "opined that the [Plaintiff] was able to understand and remember adequately," could "perform simple one to two step work-like instructions/procedures," "maintain attention . . . for up to a two-hour segment," "adequately get along with others," and "adequately adjust to changes in a routine work setting." <u>Id</u>.

This was "a permissible reason for rejecting the treating physician's conclusions." <u>Deborah K.</u> v. <u>Comm'r of Soc. Sec.</u>, 2026 WL 1140807, at *2 (D.N.J. Apr. 28, 2026) (collecting cases).

The ALJ then noted that the treating physician's opinion contemplated a level of limitation that was "implausible given [the Plaintiff's] earnings the previous two years." <u>Julia G.</u>, Administrative Record at 48.

This was also a permissible reason to discount Dr. Adefowoju's opinion. <u>See</u>, <u>e.g.</u>, <u>Hussein</u> v. <u>O'Malley</u>, 2024 WL 6975277, at *7 (E.D. Mo. Mar 26, 2024) (affirming ALJ's conclusion that medical opinion was "unpersuasive" because it was at odds with the claimant's employment history); <u>Eason</u> v. <u>Saul</u>, 2021 WL 3890304, at *4–5 (M.D. Pa. Jan. 5, 2021) (similar); <u>Jones</u> v. <u>Comm'r of Soc. Sec. Admin.</u>, 2021 WL 1133595, at *4 (E.D. Okla. Feb. 24, 2021) (similar), <u>report and recommendation adopted,</u> 2021 WL 1131710 (E.D. Okla. Mar. 24, 2021); <u>McGreevy</u> v. <u>Comm'r of Soc. Sec.</u>, 2019 WL 2442148, at *4 (W.D.N.Y. June 12, 2019) (similar).

In sum: the ALJ's decision to take the treating physician's opinion as "unpersuasive" was supported by substantial evidence.[8]

---

[8]   The Plaintiff also seems to argue that the ALJ should have incorporated limitations related to "absenteeism" or "time off task" in the residual functional capacity. <u>See</u> Plaintiff's

## V.    Credibility

Finally, the Plaintiff argues that the ALJ erred in her credibility assessment of the Plaintiff.  See Plaintiff's Brief at 32-34.

The ALJ, "[a]fter careful consideration of the evidence," concluded that the Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms, [were] not entirely consistent with" the evidence in the record. Julia G., Administrative Record at 43.

The ALJ explained, in detail, how the available evidence simply did not line up with the Plaintiff's claims as to the impairments caused by her asthma.  See id. at 43-45.  Her diabetes.  See id. at 45.  Or her psychiatric issues.  See id. at 45-47.

"The credibility determinations of an administrative judge are virtually unreviewable on appeal."  Hoyman v. Colvin, 606 F. App'x 678, 681 (3d Cir. 2015) (cleaned up); see also Wagner v. Dep't of Agric., 28 F.3d 279, 283 (3d Cir. 1994); Darvishian v. Geren, 404 F. App'x 822, 831 (4th Cir. 2010).

---

Brief at 31-32.  This argument is not meaningfully developed or supported by adequate citations to record evidence --- so the Court will not consider it.  But even if the Court were to consider the argument, it would fail on the merits.  The Plaintiff's papers are hard to follows on this point.  But they can be read to suggest that she faults the ALJ for not incorporating her treating physician's opinion that she would be absent "4 or more days per month" into the residual functional capacity assessment.  Id. at 31.  But the ALJ was not bound by the treating physician's views on the issue of functional capacity.  See Brown v. Astrue, 649 F.3d 193, 196 n.2 (3d Cir. 2011) ("The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity"); Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994) ("We recognize, of course, that a statement by a plaintiff's treating physician supporting an assertion that she is 'disabled' or 'unable to work' is not dispositive of the issue.").  And, as set forth in the text, the ALJ explained why she did not find the opinions of the treating physician persuasive.  So she did not need to include the treating physician's views in her ultimate assessment of what work the Plaintiff could do.

In light of the ALJ's extensive discussion of the relevant evidence, the Plaintiff has not carried her "heavy burden" to overturn the ALJ's credibility determination.  See Hoyman, 606 F. App'x at 681.[9]

## VI.    Conclusion

The motion for judgment on the pleadings at ECF 7 is denied.

IT IS on this 2nd day of July, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[9]  Two more things.  First, The Plaintiff also appears to argue that the ALJ erred by failing to reference two specific conclusions reached by the consultative examiners who assessed her condition.  See Plaintiff's Brief at 24.  But the ALJ summarized the medical findings of the relevant consultative examiners.  See Julia G., Administrative Record at 43, 46.  And their examinations were incorporated into the ultimate residual functional capacity finding.  See id. at 47–48.  "[T]hat was enough."  Martha O., 2026 WL 632551, at *4 (collecting cases).  Second, the Plaintiff highlights "clinical and laboratory findings" that, in her view, should have led the ALJ to conclude that she was disabled and therefore entitled to benefits.  But "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision."  Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009); see also Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001); Blakley v. Comm'r Of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009).  Here, it does.